J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A. P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiffs Universal
City Studios LLLP and Universal
City Studios Productions LLLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Universal City Studios LLLP and Universal City Studios Productions LLLP, <br><br> Plaintiffs, <br><br> v. <br><br> Christopher Walls and Does 1 - 10, inclusive, <br><br> Defendants. | Case No.: CV08-7803 SVW (AJWx) <br><br> OPPOSITION OF PLAINTIFFS UNIVERSAL CITY STUDIOS LLLP AND UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP TO DEFENDANT'S SECOND MOTION TO QUASH SUBPOENAS |
|---|---|

## INTRODUCTION

Defendant's Second Motion to Quash or Limit Subpoenas, Docket No. 16 ("Second Motion to Quash"), should be denied because, by Defendant's own admission, the PayPal, Inc. ("PayPal") subpoena seeks information discoverable and directly relevant to Defendant's sales of pirated DVDs. Further, Defendant's other complaints regarding privacy concerns and undue burden are meritless.

**A.  Defendant Effectively Admits that the Subpoena Is Relevant and Discoverable.**

Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any [] claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is

of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In determining relevance, courts have consistently viewed the standard liberally, in favor of allowing discovery. *See* <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 587 (1993) ("The Rules' basic standard of relevance thus is a liberal one.").

Defendant identified PayPal, Inc. as an entity having discoverable information related to this case. *See* Declaration of Nicole L. Drey ("Second Drey Decl.") at ¶ 4, Exhibit ("Ex.") A. Yet in his Second Motion to Quash, Defendant argues that the information from PayPal "does not pertain to this civil case." Second Motion to Quash at p. 2. Based on Defendant's initial disclosures and the evidence that Defendant used multiple payment methods, Plaintiff possesses a reasonable belief that PayPal will supply information related to Defendant's sales of pirated DVDs. *See* Second Drey Decl. at Ex. A; *see also* Plaintiff's Opposition to Defendant's Motion to Quash Subpoenas, Docket No. 15 ("First Opposition") at Ex. A. The extent of Defendant's sales is directly relevant to Plaintiff's claims, as alleged in the Complaint, in order to calculate damages, pursuant to 17 U.S.C. § 504(b). *See* Complaint ("Compl.") at ¶ 16. Defendant's claim of irrelevancy, therefore, is without merit.

### B. **Defendant's Claims of Undue Burden and Privacy Concerns Are Meritless.**

Without citing a single rule or supporting case, Defendant again conclusorily states that the evidence sought in Plaintiffs' subpoenas is unduly burdensome. Second Motion to Quash at p. 1. The person asserting such a claim bears the burden of showing that "the information is not reasonably accessible because of undue burden or cost." *See* Fed. R. Civ. P. 45(d)(1)(D).

As in Defendant's Motion to Quash Subpoenas, Docket No. 10 ("First Motion to Quash"), Defendant does not explain how he or the subpoenaed entities would be

1 burdened by the subpoenas, relying simply on his bare assertions. The information requested by Plaintiffs is limited and should be located easily by PayPal, as Plaintiffs are seeking records kept in the ordinary course of the conduct of their businesses.

Moreover, Defendant's privacy concerns are similarly without merit. If Defendant so wishes, Plaintiffs would again readily agree to stipulate to a protective order for the information produced pursuant to the PayPal subpoena. However, Defendant merely raises a privacy argument in order to avoid production of what he undoubtedly knows is information that will further incriminate him in an ongoing scheme of selling pirated DVDs.

### C. Plaintiffs Would Be Prejudiced By an Order to Quash or Limit the Subpoena.

Pursuant to the Court's Order Re: Status Conference, the Parties are to view the discovery period "as a time for the orderly and <u>cooperative</u> exchange of information essential to a resolution of the case. Sanctions will be imposed… [for] imped[ing] the discovery process through contentiousness and over-litigiousness" (*emphasis in original*). Order Re: Status Conference, Docket No. 8 ("Court's Order") at p. 2. Defendant has filed a motion to quash each and every subpoena Plaintiffs have issued, despite their high relevance as argued above. Second Drey Decl. at ¶¶ 2-3. Plaintiffs have repeatedly stated that they will enter into a protective order concerning any confidential information contained in the documents produced pursuant to the subpoenas, but Defendant insists on moving to quash all subpoenas rather than cooperate in the discovery process. *See* First Opposition at p. 3. Further, Defendant did not provide initial disclosures until well after the time called for by Fed. R. Civ. P. 26(a), and when he finally did, he effectively admitted that the subpoenaed entities reflected in Defendant's First Motion to Quash and Second Motion to Quash were all entities "likely to have discoverable information." Second Drey Decl. at ¶ 4, Ex. A.

Universal v. Walls: Opposition to Motion to Quash      - 3 -

Not obtaining the highly relevant information from the subpoenaed entities Defendant has disclosed as "discoverable" would greatly prejudice Plaintiffs from openly and effectively pursuing resolution of this matter. Plaintiffs are entitled to this information.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to Quash or Limit Subpoenas should be denied in its entirety.

Dated: August 3, 2009       J. Andrew Coombs, A Professional Corp.

By: _/s/ Nicole L. Drey_
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiffs Universal City Studios LLLP and Universal City Studios Productions LLLP

## DECLARATION OF NICOLE L. DREY

I, NICOLE L. DREY, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Central District of California. I am an attorney for Plaintiffs Universal City Studios LLLP and Universal City Studios Productions LLLP (collectively "Plaintiffs"), in an action styled <u>Universal City Studios LLLP, et al. v. Christopher Walls, et al.</u>, Case No. CV08-7803 SVW (AJWx). I make this Declaration in support of Plaintiffs' Opposition to Defendant's Second Motion to Quash or Limit Subpoenas ("Second Opposition"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. On or about May 28, 2009, Plaintiffs issued subpoenas to Sell.com and Google Checkout. On or about July 8, 2009, Defendant filed his Motion to Quash or Limit Subpoena relating to both the Sell.com and Google Checkout subpoenas.

3. On or about July 10, 2009, Plaintiffs issued a subpoena to PayPal, Inc. On or about July 27, 2009, Defendant filed his Second Motion to Quash Subpoena relating to PayPal, Inc.

4. On or about July 24, 2009, I received a copy of Defendant's initial disclosures, in which he identified Sell.com, Google Checkout and PayPal, Inc., among others, as entities "likely to have discoverable information." Attached hereto as Exhibit A is a true and correct copy of Defendant's initial disclosures.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 3rd day of August, 2009, at Glendale, California.

_____
NICOLE L. DREY

**Exhibit A**

```
 1  Christopher Walls (Pro se)
 2  w.of.c943@gmail.com
    271 Parkway Drive
 3  Mansfield, Ohio 44906
 4  Telephone: (419) 525-7264
 5
 6
 7
 8
 9
10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11
12
13  Universal City Studios LLLP and  )   Case No. CV 08-7803 SVW (AJWx)
    Universal City Studios Productions)
14  LLLP,                             )
                                      )
15              Plaintiffs,           )   DEFENDANTS' DISCLOSURES
                                      )   PURSUANT TO
16       v.                           )   FED.R.CIV.P. 26(a)(1)
    Christopher Walls and Does 1-10   )
17                                    )
                                      )
18              Defendants.           )
                                      )
19
20
21
22          INITIAL DISCLOSURE STATEMENT
          BY DEFENDANT CHRISTOPHER WALLS ( Pro Se )
23
24
25
26
27
28
```

Defendant Christopher Walls hereby makes the following Initial Disclosures in accordance with F.R.C.P. 26(a)(1). In doing so, this Defendant does not waive any valid objections it may have to any request to produce documents herein. This disclosure is based on information that is reasonably available as of this date. This Defendant reserves the right to supplement this disclosure if and when additional information becomes available.

(A) **Persons likely to have discoverable information**

1. Sell.com, Inc.
   14800 Quorum Dr. Ste 350
   Dallas, TX 75254

2. Google Inc.
   1600 Amphitheatre Pkwy
   Mountain View, CA 94043

3. PayPal, Inc.
   2145 E. Hamilton Ave
   San Jose, CA 95125

4. Ying Ivan Wang
   Address (unknown)
   Shenyang, China

## PROOF OF SERVICE BY MAIL

I, Christopher Walls declare:

I am a citizen of the United States a resident of Richland County, and am over 18 years of age. My address is **271 Parkway Drive Mansfield Ohio 44906** in the State of Ohio on July 21ST 2009 I served a copy ( **DEFENDANTS' DISCLOSURES PURSUANT TO FED.R.CIV.P. 26(a)(1)**) thereof, enclosed in a sealed envelope with postage thereon fully prepaid with delivery conformation, in the United States mail to be mail to **J. Andrew Coombs and Associates 517 East Wilson Avenue, Suite 202 Glendale, California 91206**

**I declare under penalty and perjury that the forgoing is true and accurate.**

Date July 21ST 2009

_[signature]_

CHRISTOPHER WALLS

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On August 3, 2009, I served on the interested parties in this action with the:

- OPPOSITION OF PLAINTIFFS UNIVERSAL CITY STUDIOS LLLP AND UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP TO DEFENDANT'S SECOND MOTION TO QUASH SUBPOENAS

for the following civil action:

<u>Universal City Studios LLLP, et al. v. Christopher Walls, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Christopher Walls<br>271 Parkway Drive<br>Mansfield, Ohio 44906 | |
|---|---|

Place of Mailing: Glendale, California
Executed on August 3, 2009, at Glendale, California

_____
Nicole L. Drey